# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT STEVEN GOLDTHREAD,   No. CIV S-05-0283-FCD-CMK-P

    Petitioner,

  vs.   FINDINGS AND RECOMMENDATIONS

JEANNE S. WOODFORD, et al.,

    Respondents.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on February 14, 2005, and respondent's answer (Doc. 9), filed on June 2, 2005. Petitioner has not filed a reply.

///
///
///
///
///
///

# I. BACKGROUND

**A.   Facts**[1]

The state court recited the following facts, and petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:

> The victim lived with her mother, her siblings, her aunt, and her grandmother. Defendant moved out of the house when the victim was very young, but she [the victim] started to visit him at his house when she was 11 or 12 years old and in the sixth grade.
>
> One weekend, in April or May 2001, the victim and her sister went to visit defendant. While they were watching television in the living room, defendant called the victim into his bedroom and shut the door. Saying she was in trouble, defendant told her to take off her pants and to get on the bed.
>
> The victim was scared and thought that she was going to get "a whoopin'." She was unable tp push him away, and defendant became angry and told her to stop moving. He then put his hands on her waist and pulled her towards him, moving his penis around inside her. The victim has hurt and crying. She asked him to stop, but defendant did not listen. Finally, defendant got mad and pushed her away. The victim did not feel anything come out of defendant's penis.
>
> Defendant warned the victim that he would kill her or someone in her family if she told anyone about the incident. Then he told her to put on her clothes. She dressed and went back out into the living room. Defendant later told her to take a shower. The victim was bleeding, and defendant washed her clothes for her.
>
> Initially, the victim did not tell anyone one [sic] because she was frightened. Months later, she told her mother, who called the police and took the victim for a medical exam. The examination revealed that the victim had what appeared to be healed hymenal injuries consistent with penetration by a male penis.
>
> In 1989, defendant had pled guilty to committing a lewd or lascivious act with his niece, a child under the age of 14. Defendant's daughter testified at trial about the incident as follows:

---

[1]   Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct." Petitioner bears the burden of rebutting this presumption by clear and convincing evidence. See id. These facts are, therefore, drawn from the state court's opinion(s), lodged in this court. Petitioner may also be referred to as "defendant."

>Defendant took his daughter and niece out to dinner and then to a motel. He told them to take off their clothes so they could wear them the next morning. The girls got into bed in their undergarments. Defendant then asked them to join him in his bed. They did so, lying on either side of defendant. After defendant turned over to face his niece, she asked, "[W]hy me, Uncle Pete?" Defendant jumped out of bed and went to the bathroom. When he shut the door, the niece said that defendant had just raped her. Defendant later offered his niece $100 if she would not tell anyone about the incident.

**B.      Procedural History**

Petitioner was convicted following a jury trial of one count of a forcible lewd and lascivious act upon a child under 14 years old, in violation of California Penal Code § 288(b).[2] The jury found true the special allegation that petitioner had engaged in substantial sexual contact with the victim, in violation of California Penal Code § 1203.066(a)(8). The trial court found true the allegation that petitioner has been convicted of prior serious felonies, in violation of California Penal Code §§ 667(a), 667(b)-(i), 667.61(a), (d), and 667.71(a), (d). Petitioner was sentenced to 55 years to life.

Petitioner has exhausted his state court remedies. In particular, the California Court of Appeal rejected petitioner's claims in a reasoned decision and the California Supreme Court agreed.

## II. STANDARD OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. For instance, when the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal habeas

---

[2]      The jury deadlocked on two additional counts of forced child molestation.

court independently reviews the record to determine whether the state court clearly erred in its application of Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Similarly, when it is clear that a state court has <u>not</u> reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "relitigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where the AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001).

Under § 2254(d), federal habeas relief is available where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the

1  Court), the United States Supreme Court explained these different standards.  A state court
2  decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the
3  Supreme Court on the same question of law, or if the state court decides the case differently than
4  the Supreme Court has on a set of materially indistinguishable facts.  See id. at 405.  A state
5  court decision is also "contrary to" established law if it applies a rule which contradicts the
6  governing law set forth in Supreme Court cases.  See id.  In sum, the petitioner must demonstrate
7  that Supreme Court precedent requires a contrary outcome because the state court applied the
8  wrong legal rules.  Thus, a state court decision applying the correct legal rule from Supreme
9  Court cases to the facts of a particular case is not reviewed under the "contrary to" standard.  See
10 id. at 406.  If a state court decision is "contrary to" clearly established law, it is reviewed to
11 determine first whether it resulted in constitutional error.  See Benn v. Lambert, 293 F.3d 1040,
12 1052 n.6 (9th Cir. 2002).  If so, the next question is whether such error was structural, in which
13 case federal habeas relief is warranted.  See id.  If the error was not structural, the final question
14 is whether the error had a substantial and injurious effect on the verdict, or was harmless.  See id.

15         State court decisions are reviewed under the far more deferential "unreasonable
16 application of" standard where it identifies the correct legal rule from Supreme Court cases, but
17 unreasonably applies the rule to the facts of a particular case.  See id.; see also Wiggins v. Smith,
18 123 S.Ct. 252 (2003).  While declining the rule on the issue, the Supreme Court in Williams,
19 suggested that federal habeas relief may be available under this standard where the state court
20 either unreasonably extends a legal principle to a new context where it should not apply, or
21 unreasonably refused to extend that principle to a new context where it should apply.  See
22 Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court
23 decision is not an "unreasonable application of" controlling law simply because it is an
24 erroneous or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade,
25 123 S.Ct. 1166, 1175 (2003).  An "unreasonable application of" controlling law cannot be found
26 even where the federal habeas court concludes that the state court decision is clearly erroneous.

See Lockyer, 123 S.Ct. at 1175.  This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."  Id.  As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

### III.  DISCUSSION

Petitioner raises one claim, as follows:

> Denial of Sixth and Fourteenth Amendment right to a reliable jury determination of the charges and right to due process by allowing evidence of prior sex offenses to be used as proof of the current charges.

In particular, petitioner challenges the following jury instruction given by the trial court pursuant to CALJIC No. 2.50.01:

> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case.
>
> "Sexual offense" means a crime under the laws of a state or of the United States that includes any of the following:
>
> A.  Any conduct made criminal by Penal Code Section 288.  The elements of this crime are set forth elsewhere in these instructions.
>
> If you find that the defendant committed a prior uncharged sexual offense, you may, but are not required to, infer that the defendant has a disposition to commit sexual offenses.  If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.
>
> However, if you find by a preponderance of the evidence that the defendant committed an uncharged prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.  If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the crime charged.
>
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

Petitioner argues that the instruction, ". . . implies by way of a negative pregnant that if a prior sexual offense is proven by a standard higher than preponderance of the evidence, such evidence is sufficient to prove the current charges beyond a reasonable doubt."

Under the "contrary to" standard of federal habeas review, the court must first conclude that the state court's decision resulted in constitutional error. See Benn, 293 F.3d at 1052 n.6. It follows logically that, if the trial court did not err in giving the challenged jury instruction, the state court's decision denying petitioner's claim on this issue could not have resulted in constitutional error. Thus, the court will first explore whether the jury instruction itself could result in any error.

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. See Milton v. Wainwright, 407 U.S. 371, 377 (1972). Thus, a challenge to jury instructions does not generally give rise to a federal constitutional claim. See Middleton, 768 F.2d at 1085) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

In general, to warrant federal habeas relief, a challenged jury instruction "cannot be merely 'undesirable, erroneous, or even "universally condemned,"' but must violate some due process right guaranteed by the fourteenth amendment." Prantil v. California, 843 F.2d 314, 317 (9th Cir. 1988) (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973)). To prevail, petitioner must demonstrate that an erroneous instruction "'so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp, 414 U.S. at 147). In making its determination, this court must evaluate the challenged jury instructions "'in the context of the overall charge to the jury as a component of the entire trial process.'" Prantil, 843 F.2d at 817 (quoting Bashor v. Risley, 730 F.2d 1228, 1239 (9th Cir. 1984)). Further, in reviewing an allegedly ambiguous instruction, the court "must inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Estelle, 502 U.S. at 72 (quoting Boyde v. California, 494 U.S. 370, 380 (1990)). Petitioner's burden is "especially heavy" when the court fails to give an instruction. Henderson v. Kibbe, 431 U.S. 145, 155 (1977).

It is well-established that the burden is on the prosecution to prove each and every element of the crime charged beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364 (1970). Therefore, due process is violated by jury instructions which use mandatory presumptions to relieve the prosecution's burden of proof on any element of the crime charged. See Francis v. Franklin, 471 U.S. 307, 314 (1985); see also Sandstrom v. Montana, 442 U.S. 510 (1979). A mandatory presumption is one that instructs the jury that it must infer the presumed fact if certain predicate facts are proved. See Francis, 471 U.S. at 314. On the other hand, a permissive presumption allows, but does not require, the trier of fact to infer an elemental fact from proof of a basic fact. See County Court of Ulster County v. Allen, 442 U.S. 140, 157 (1979). The ultimate test of the constitutionality of any presumption remains constant – the instruction must not undermine the factfinder's responsibility at trial, based on evidence adduced by the government, to find the ultimate facts beyond a reasonable doubt. See id. at 156 (citing In

re Winship, 397 U.S. at 364).

Given these legal principles, the court concludes that the jury instruction was proper. Specifically, in light of the other instructions given by the trial court, the challenged instruction could not have relieved the prosecution of its burden of establishing each and every element of the charged offense beyond a reasonable doubt. The record reflects that the trial court also gave the following instructions:

> Each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proven beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance upon which such inference necessarily rests must be proved beyond a reasonable doubt.
>
> If you find other crimes were committed by a preponderance of the evidence, you are nevertheless cautioned and reminded that before a defendant can be found guilty of any crime charged in this trial, the evidence as a whole must persuade you beyond a reasonable doubt that the defendant is guilty of that crime.

Based on the record as a whole, the challenged instruction did not result in constitutional error and, as a result, the state court's decision to deny habeas relief is not contrary to established law.

Moreover, under the more deferential "unreasonable application of" standard, this court cannot grant habeas relief because, not only was the state court's decision reasonable, it was correct.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be denied and that judgment be entered accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2006.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

10